**H. D. McDonald, Appellee, v. Helen Mark, Appellant.**

**Gen. No. 14,459.**

1. MECHANIC'S LIENS—*when wife bound by husband.* If with knowledge of the contract and the delivery of materials thereunder, a wife makes no protest against the acts of her husband, a lien may be enforced against her property with respect to which such contract has been made and such materials delivered.

2. MECHANIC'S LIENS—*right of subcontractor to recover in action at law of owner notwithstanding breach by contractor.* Under the act of 1903, a subcontractor in an action at law brought against the owner and contractor may recover against such owner, notwithstanding abandonment and non-performance by the contractor, to such an extent that his claim when added to that of others in like situation will not exceed the sum stipulated in the original contract between the owner and contractor.

3. CONSTITUTIONAL LAW—*when questions waived.* The right to raise the question of the constitutionality of an act is waived by taking an appeal to the Appellate instead of to the Supreme Court.

CHYTRAUS, J., dissenting.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed March 9, 1909.

**Statement by the Court.** Appellee brought an action at law before a justice of the peace to enforce a subcontractor's mechanic's lien against appellant, as owner of certain real estate, and one Blaha as contractor. The case was taken by appeal to the Superior Court, and the trial in that court resulted in a directed verdict for the plaintiff for the full amount of his claim with interest, and from a judgment on the verdict against both defendants for that sum as damages, $20 attorneys' fees and the other costs, the owner prosecutes this appeal.

Early in March, 1906, John P. Mark, the husband of appellant, made a contract with Blaha by which the latter agreed to install in defendant's building on said real estate a boiler and radiators for the sum of $250. Soon afterwards Blaha purchased of appellee, McDonald, a boiler and radiators to be used by him in the performance of his said contract, at the price of $193.84, and March 19 the same were delivered by McDonald at the building of the defendant in which the same were to be installed by Blaha. Soon after said articles were so delivered by McDonald, Blaha demanded of John P. Mark $50 in addition to the contract price, and the demand was refused. Blaha then removed said articles from the premises of appellant and did nothing further towards installing a boiler or radiators in appellant's building. April 27, 1906, after said articles had been so removed by Blaha, appellee gave to appellant the notice required by section 24 of the Lien Act of 1903.

ADAMS & FROEHLICH, for appellant.

WYETH, CLARK & ZOLLARS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention that the judgment should be reversed on the ground that the authority of the husband of appellant to make for her the contract he made with Blaha is not shown, cannot be sustained. From her testimony on the trial the existence of such authority may fairly be inferred. Again, she expressly stated that she knew of the contract a few days before the radiators were removed from her premises. With knowledge of the contract with Blaha and of the delivery of the boiler and radiators to be used, under said contract, in her building, she made no protest, gave no notice of any objection on her part to the improvement contemplated by the contract, and we think that the right to a lien is, under the provisions of section 2 of the Lien Act, the same as if the contract had been made with her.

The right to raise the question of the constitutionality of the provisions of the Lien Act in relation to attorneys' fees was waived by taking the appeal to this court instead of to the Supreme Court. Haas Electric Co. v. Amusement Co., 236 Ill. 452.

The principal contention of appellant is, that under the lien act of 1903, there is no right in a subcontractor in an action at law, brought against the owner and contractor, to recover against the owner, where the contractor, by reason of the abandonment and nonperformance of his contract, would not be entitled to recover as against the owner. The question of the right of the subcontractor to recover against the owner under such circumstances has not, so far as we are advised, been passed on by any court of review in this State.

Section 21 of the Lien Act provides that:

"Sec. 21. Every mechanic, workman or other person who shall furnish any materials, apparatus, machinery or fixtures, or furnish or perform services or labor for the contractor shall be known under this

act as a subcontractor, and shall have a lien for the value thereof, with interest on such amount from the date the same is due, from the same time, on the same property as provided for the contractor, and, also, as against the creditors and assignees, and personal and legal representatives of the contractor, on the material, fixtures, apparatus or machinery furnished, and on the moneys or other considerations due or to become due from the owner under the original contract, whether or not the original contractor could have obtained a lien or was by contract or conduct divested or deprived of a right to obtain a lien. In no case, except as hereinafter provided, shall the owner be compelled to pay a greater sum for or on account of the completion of such house, building or other improvements than the price or sum stipulated in said original contract or agreement, unless payment be made to the contractor or to his order, in violation of the rights and interests of the persons intended to be benefited by this act. * * * Also, in case of default or abandonment by the contractor, the subcontractor or party furnishing material shall have and may enforce his lien to the same extent and in the same manner that the contractor may under conditions that arise as provided for in section 4 of this act, and shall, have and may exercise the same rights as are therein provided for the contractor."

Section 4 of the act is as follows:

"Section 4. When the owner of the land shall fail to pay the contractor moneys justly due him under the contract at the time when the same should be paid, or fails to perform his part of the contract in any other manner, the contractor may discontinue work, and the contractor shall not be held liable for any delay on his part during the period of, or caused by, such breach of contract on the part of the owner; and if after such breach for the period of ten days the owner shall fail to comply with his contract, the contractor may abandon the work, and in such a case the contractor shall be entitled to enforce his lien for the value of what has been done, and the court shall adjust his claim and allow him a lien accordingly. In

such cases all persons furnishing material which has not been incorporated in the improvement shall have the right to take possession of and remove the same if he so elects.''

Section 7 relates to the lien of the contractor and contains the following provisions:

''Nor shall any such lien for material be defeated because of lack of proof that the material after the delivery thereof, actually entered into the construction of such building or improvement, although it be shown that such material was not actually used in the construction of such building or improvement. Provided, it is shown that such material was delivered either to such owner or his agent for such building or improvement to be used in such building or improvement, or at the place where said building or improvement was being constructed, for the purpose of being used in construction.''

Section 28 of the act provides that the contractor ''may sue the owner and contractor jointly for the amount due him in any court having jurisdiction of the amount claimed to be due, and a personal judgment may be rendered therein, as in other cases. In such actions at law, as in suits to enforce the lien, the owner shall be liable to the plaintiff for no more than the *pro rata* share that such person would be entitled to with other subcontractors out of the funds due to the contractor from the owner under the contract between them, except as hereinbefore provided for laborers, and such action at law shall be maintain (maintained) against the owner only in case the plaintiff establishes his right to the lien. * * * All such judgments, where the lien is established, shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided, and shall recite the date from which the lien thereof attached according to the provisions of sections one (1) to twenty (20) of this act; but this shall not preclude a judgment against the contractor, personally, where the lien is defeated.''

Speaking of the subcontractor's lien given by section 21 of the act, it was said in the opinion in Keeley Co. v. Decorating Co., 194 Ill. 580, 593: "The lien of the subcontractor by virtue of this section is not dependent upon the fact that the original contractor has a lien, and the subcontractor, under said section, may have a lien although the original contractor have none. The lien of the subcontractor does not spring out of the lien of the contractor and is not derived therefrom or made subordinate thereto. While the aggregate of all the liens may not exceed the contract price agreed upon to be paid by the owner, if he comply with the statute and there is no fraud this limitation concerns not the fact of a lien but the extent thereof. The lien of the subcontractor being a direct lien its existence does not depend upon the existence or nonexistence of a contractor's lien, and the waiver of a lien by a contractor, either in express terms or by the execution of a contract which does not create a lien under the statute, will not affect the subcontractor's lien. The contractor may waive or estop himself to enforce a lien, but the subcontractor may, nevertheless, bring himself within the protection of the statute by complying with the provisions thereof, and, independently of the contractor, assert a lien for his work or materials."

The lien of the subcontractor attached upon the delivery of the materials and upon compliance on his part with the provisions of the lien act. The question of the extent of his lien and of the amount a subcontractor is entitled to recover against the owner is a question not free from difficulty. The language of section 21 is, that the contractor shall not be compelled to pay etc. a greater sum, "than the price or sum stipulated in the original contract." The language of section 28 is: that the owner shall be liable to a subcontractor for no more than his *pro rata* share: "out of the funds due to the contractor from the owner under the contract between them." In Keeley Co. v.

Decorating Co., *supra,* it was said: ''While the aggregate of all the liens may not exceed the contract price agreed upon to be paid by the owner'', etc. We think that the intention of the legislature was to limit the extent of the liens of the subcontractors to the amount of the price or sum stipulated in the original contract and not to the amount due from the owner to the contractor under that contract in case of total or partial failure to perform by the contractor. There is no evidence tending to show that if the owner had proceeded to install the boiler and radiators so delivered by the subcontractor, that she would have been compelled to pay more on account of such improvement than the price or sum stipulated in the original contract. The subcontractor was not bound to follow up the delivery of the boiler and radiators and see that the contractor performed his contract with the owner. That was the business of the owner. In place of doing so she permitted the contractor to enter upon her premises and remove the articles which the subcontractor had delivered there to be used in the improvement of her building.

We think the Superior Court did not err in directing a verdict for the plaintiff and in entering on the verdict the judgment which was entered, and the judgment will be affirmed.

*Affirmed.*

Mr. Justice Chytraus dissenting.